PHILIP C. SWING *v.* CINCINNATI, MILFORD & LOVELAND TRACTION CO.*

Equity will not assume the functions of a court of law and disentangle a complicated real estate title as a basis for granting an injunction, especially where the plaintiff is not in possession. Where his right is doubtful or the facts not definitely ascertained, his right must be first established at law. Hence, a street railroad company will not be enjoined from construpcting a track in and along certain vacant property, the title to which is in dispute, at the suit of plaintiff who has only a paper title by quitclaim deed, with no evidence of occupancy or actual dominion, and where defendant's title is based on what appears to be a clear record title, with evidence of actual and notorious occupancy for over fifty years.

HOSEA, J.; SMITH and FERRIS, JJ., concur.

Reserved from special term.

Plaintiff sues, alleging ownership of two lots, known as lots E and 114 of Montauk subdivision—said lots fronting on the turnpike road in the portion of the village of Milford lying west of the Little Miami river, in Hamilton county—to enjoin the defendant from constructing a street railway in and along said street in front of said lots. Various questions of a complex nature were raised upon the pleadings and discussed with much force in argument, but in the view we take of the case, their consideration here will not be necessary.

The testimony shows that the title presented by plaintiff to maintain this suit, is a paper title by quit-claim deed, with no evidence of occupancy or actual dominion of the lots in question, which are vacant property. Defendant shows what appears to be a clear record title to lot 114, with evidence of actual ownership running through many years, in the Little Miami railroad; and upon the testimony there can be little question that for the purposes of this

---

*Affirmed by Supreme Court. 74 O. St. ——.

suit, the title of the railroad company is superior to that shown by plaintiff.

The testimony as to the claim of title of plaintiff to lot E, leaves the matter of record title confused and doubtful; but that relating to the possessory title in the railroad company, leaves practically no doubt of the actual, open and notorious occupation and use of the property by the railroad company for a period of nearly fifty years down to the actual present.

Without going further into details of the evidence, it is fundamental that in a suit of this nature, where such a condition of title is shown, a court of equity will not assume the functions of a court of law and disentangle a complicated web of title as a basis of injunctive relief, and especially so where the suitor is not in possession.

In seeking to call into exercise the extraordinary powers of equity, it is incumbent on a plaintiff to show a case clear of doubt and based on a clear and unexceptionable right. *Spangler* v. *Cleveland,* 43 Ohio St., 526, 536.

Courts will not exercise this necessary authority where the right is doubtful or the facts not definitely ascertained. *Burnham* v. *Kempton,* 44 N. H., 78, 92.

Plaintiff must make out a clear and well-defined right, other wise he must first establish it at law. *Fisher* v. *Hotel & Amusement Co.,* 7 Dec., 67 (4 N. P., 329).

These authorities do but state principles lying at the foundation of equity procedure, and which should be applied here. We do not think the right of plaintiff is shown with sufficient clearness to justify an injunction. The temporary order therefore must be dissolved, and the petition dismissed, and it is so ordered.

Petition dismissed.

*Burch & Johnson,* for plaintiff.
*C. W. Baker,* for defendant.